UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-cv-22884-GAYLES

**ALAN DWAYNE TAYLOR**,

    Plaintiff,

v.

**DADE CORRECTIONAL INSTITUTION**, *et al.*,

    Defendants.
_____/

## ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE

**THIS CAUSE** is before the Court on Plaintiff Alan Dwayne Taylor's *pro se* Complaint under 42 U.S.C. § 1983. [ECF No. 1]. Plaintiff, a state prisoner, alleges that the Florida Department of Corrections' ("FDOC") Classification Department is "holding [him] accountable" for a crime he did not commit. *Id*. at 2. Because Plaintiff seeks to proceed *in forma pauperis* ("IFP"), [ECF No. 3], the Complaint must be screened under 28 U.S.C. § 1915(e)(2)(B). For the following reasons, the Complaint is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim for relief.

    **I.**    **LEGAL STANDARD**

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show that he was deprived of a federal right by a person acting under color of state law. *Griffin v. City of Opa Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). Under 28 U.S.C. § 1915(e)(2)(B), the Court shall dismiss a complaint if it determines the action is "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id*. § 1915(e)(2)(B)(i)–(iii). A pleading fails to state a claim for relief when it does

not contain sufficient "factual matter (taken as true)" to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *see also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008) ("The standards governing dismissals under Rule 12(b)(6) apply to § 1915(e)(2)(B)(ii)."). A complaint need not contain detailed factual allegations, but it must provide as grounds for relief something more than "labels and conclusions" and "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). To survive dismissal, a complaint must "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Court holds *pro se* pleadings "to a less stringent standard than pleadings drafted by attorneys" and construes them liberally. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). This leniency, however, "does not give a court license to serve as *de facto* counsel for a party or to rewrite and otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014).

## II.   DISCUSSION

In his Complaint, Plaintiff alleges that "[t]he Classification Department of [FDOC] is holding me accountable for a crime that I have not ever been found guilty for." [ECF No. 1 at 2]. Plaintiff claims that in 2004, while he was in the custody of the Putnam County Jail, he was charged with aiding escape, but that charge was later dropped. *Id*. at 4. Plaintiff alleges that as punishment for this charge, when he returned to state prison at the Walton Correctional Institution ("Walton CI"), he was placed in confinement on May 21, 2004. *Id*. He appears to allege that he was transferred to Florida State Prison at some point between 2004 and 2005 and held in close management there until March 30, 2005. *Id*. He claims that for six months, he was confined to a cell alone and was not allowed to talk to anyone outside of his cell for 24 hours a day. *Id*. Plaintiff

seems to allege that the FDOC still falsely classifies him as "guilty for attempting to escape or escaping," in violation of his due process rights—although he does not indicate what restrictions on his liberty he currently faces. *Id*. at 13. Plaintiff alleges that he was unable to bring his claim until now because he began taking psychotropic medication in 2004, which put him in a "psychotropic coma," and that he recently stopped taking this medication in March of 2025. *Id*. at 4. Plaintiff seeks damages for relief. *Id*. at 6–7.

Liberally construed, Plaintiff's Complaint asserts claims under the Due Process Clause of the Fourteenth Amendment. "The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). In *Sandin v. Conner*, 515 U.S. 472 (1995), the Supreme Court held that additional restrictions on a prisoner's liberty trigger the protections of the Due Process Clause if they (1) "exceed[ ] the [prisoner's] sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force" or (2) "impose[ ] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id*. at 484.

In sum, Plaintiff appears to allege that for about ten months from 2004 to 2005, he was held in close management or confinement based on a false escape charge and that, for about six of those months, he was held in solitary confinement with minimal or no human contact. Such restrictions could trigger the protections of the Due Process Clause. *See Magluta v. Samples*, 375 F.3d 1269, 1275 (11th Cir. 2004) (plaintiff alleged a due process violation where he claimed he "spent more than 500 days in administrative detention under conditions constituting solitary confinement" based on false escape charges). But Plaintiff has not stated a due process claim for several reasons.

First, he does not allege enough specific facts about the conditions of his confinement to show that they imposed an "atypical and significant hardship" in relation to ordinary prison life. *Sandin*, 515 U.S. at 484; *see also Wallace v. Hamrick*, 229 F. App'x 827, 830 (11th Cir. 2007) (holding that the record did "not contain adequate facts with respect to the conditions of [the plaintiff's] confinement as compared with the conditions of confinement of his fellow inmates to determine whether [his] confinement imposed an atypical and significant hardship 'in relation to the ordinary incidents of prison life'" where the plaintiff alleged that he was confined without hot water, ventilation, or exercise (quoting *Sandin*, 515 U.S. at 484)); *Anthony v. Warden*, 823 F. App'x 703, 707 (11th Cir. 2020) ("Anthony has presented no evidence that any of the conditions to which he was subjected deprived him of a benefit consistently bestowed to prisoners whose deprivation imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." (quotations omitted and alterations adopted)).

Furthermore, Plaintiff has not alleged that he was denied adequate process. "The requirements of due process for prisoners facing disciplinary actions are: '(1) advance written notice of the claimed violation; (2) a written statement of the fact finders as to the evidence relied upon and the reasons for the disciplinary action taken; and (3) an opportunity to call witnesses and present documentary evidence in defense, when to do so would not be unduly hazardous to institutional safety or correctional goals.'" *Wallace*, 229 F. App'x at 830 (quoting *Young v. Jones*, 37 F.3d 1457, 1459–60 (11th Cir. 1994)). Plaintiff alleges no facts about the process he was afforded before he was placed in confinement or close management. Thus, he has not stated a claim for the denial of due process. *Cf. Spaulding v. Woodall*, 551 F. App'x 984, 987 (11th Cir. 2014) (prisoner "plausibly allege[d] that Defendants deprived him of constitutionally protected

liberty interests without due process" where he alleged that he had been labeled a sex offender "without notice or a hearing").

Moreover, Plaintiff names two Defendants, the Warden of Dade Correctional Institution ("Dade CI") and the Classification Officer of Dade CI, but his alleged deprivation of liberty occurred between 2004 and 2005 at Walton CI and Florida State Prison. Plaintiff does not allege that the two named Defendants had any role in this deprivation of liberty, nor does he name any of the prison officials who were responsible for that deprivation. To the extent Plaintiff's claims arise from the conduct of prison officials at Walton CI and Florida State Prison, venue would be improper in this District. *See* 28 U.S.C. § 1391(b) (providing that venue is proper in (1) "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred"). Although Plaintiff appears to allege that the named Defendants have continued to improperly classify him at Dade CI, he does not allege any loss of liberty from this classification. *See Smith v. Deemer*, 641 F. App'x 865, 868 (11th Cir. 2016) (plaintiff failed to allege a due process claim where he "failed to allege conditions that impose an 'atypical and significant hardship' relative to ordinary prison life (quoting *Sandin*, 515 U.S. at 484)).

Finally, Plaintiff's claims appear barred by the statute of limitations. The statute of limitations for a § 1983 claim is governed by the statute of limitations for personal injury claims in the state where the cause of action arose, which in this case is Florida. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). Personal injury actions in Florida have a four-year statute of limitations. *See* Fla. Stat. § 95.11(3). The statute of limitations begins to run from the date "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Rozar v. Mullis*, 85 F.3d 556, 561–62 (11th Cir. 1996) (quotations omitted).

While federal law determines when the statute of limitations begins to run, state law governs when it is tolled. *Kato*, 549 U.S. at 388.

The Court may *sua sponte* dismiss a § 1983 complaint if it finds the claim is time-barred by the applicable statute of limitations. *See Reynolds v. Murray*, 170 F. App'x 49, 50 (11th Cir. 2006). "To dismiss a prisoner's complaint as time-barred prior to service, it must 'appear beyond a doubt from the complaint itself that [the prisoner] can prove no set of facts which would avoid a statute of limitations bar.'" *Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003) (quoting *Leal v. Ga. Dep't of Corrections*, 254 F.3d 1276, 1278–79 (11th Cir. 2001)). It is appropriate for a district court to dismiss a complaint as time barred where the prisoner fails to identify "why the statute of limitations might be tolled in his case." *Id*. To warrant equitable tolling of the statute of limitations, a plaintiff must show that he pursued his rights diligently and that extraordinary circumstances prevented him from filing a timely complaint. *Villarreal v. R.J. Reynolds Tobacco Co.*, 839 F.3d 958, 971 (11th Cir. 2016) (en banc).

Here, the facts supporting Plaintiff's claims arose in 2004, rendering the Complaint untimely. But Plaintiff puts forth an argument for equitable tolling: he alleges that he was unable to bring his claims until now because he was in a "psychotropic coma" from medication he stopped taking recently. [ECF No. 1 at 4]. Plaintiff has not pled enough facts about his illness or how he was pursuing his rights diligently to show that he is entitled to equitable tolling of the statute of limitations. Because Plaintiff shall be given an opportunity to amend his Complaint, his Amended Complaint must demonstrate why the statute of limitations should be tolled in this case.

### III. LEAVE TO AMEND

A *pro se* Plaintiff must be granted at least one opportunity to amend his Complaint if an amended complaint might state a claim upon which relief can be granted. *See Silberman v. Miami*

*Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019). Plaintiff's Amended Complaint must comply with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Florida. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which states a claim for relief must contain:

>  (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
>  (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
>  (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

While Rule 8 allows a plaintiff considerable leeway in framing a complaint, the Eleventh Circuit has tightened the application of Rule 8 with respect to § 1983 cases in an effort to identify meritless claims. *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998) ("Some factual detail in the pleadings is necessary to the adjudication of § 1983 claims."). Accordingly, a § 1983 plaintiff must allege with specificity the facts which make out his claim. *See Wilson v. Strong,* 156 F.3d 1131, 1134 (11th Cir.1998) ("[T]he contours of an asserted constitutional right 'must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'"). Factual detail in the pleadings is particularly necessary in cases involving qualified immunity, where the Court must determine whether a defendant's actions violated a clearly established right. *See GJR Invs.*, 132 F.3d at 1367.

In addition, Plaintiff must separate each cause of action against each Defendant into a different count. The Amended Complaint must state its claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). To promote

clarity, "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count[.]" *Id*. Plaintiff must clearly write the name of each Defendant who is a party to this action and specify which Defendant is responsible for each act or omission that forms the basis of his claims.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Complaint [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE**.

2. On or before **July 30, 2025**, Plaintiff shall file an amended complaint, labeled **"Amended Complaint,"** that cures the deficiencies identified above. The Amended Complaint shall:

   a. Contain a short and plain statement of Plaintiff's claims against each named Defendant, a basis for federal jurisdiction, and a demand for judgment.

   b. Be either typed in 12-point font or larger and double-spaced or handwritten legibly.

   c. Be written on the § 1983 complaint form attached to this order.

3. The Amended Complaint must show **Case No. 25-cv-22884-GAYLES** so that it will be filed in this case.

4. The Clerk of Court is **DIRECTED** to mail Plaintiff a copy of the civil rights complaint form, together with this Order, at the address listed below.

5. This case is **CLOSED** for administrative purposes only.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 29th day of June, 2025.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc:   **Alan Dwayne Taylor,** *pro se*
      948714
      Dade Correctional Institution
      Inmate Mail/Parcels
      19000 SW 377th Street

Florida City, FL 33034

- 9 -